Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**RECEIVED**

FEB 2 7 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

MICHAEL J. ROSS

Case No. _____

Plaintiff

**CIVIL ACTION**

-v-

**COMPLAINT AND**
**FOR TRIAL BY JURY**

HAYT, HAYT & LANDAU, LLC
KENNETH HAYES
CHRISTOPHER J. FOX
JANE & JOHN DOES 1-10; Employees
of HAYT, HAYT & LANDAU, LLC

**(Unlawful Debt Collection Practices)**

Defendant(s)

---

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

LAW OFFICE OF
HAYT, HAYT& LANDAU, LLC
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500
(732) 544 - 9080

---

### VERIFIED COMPLAINT

Now comes, Plaintiff MICHAEL J. ROSS ("Plaintiff"), and for his Verified Complaint

makes the following claim against the above named Defendants, Law Office of HAYT, HAYT

& LANDAU, LLC (hereinafter "HAYT"), KENNETH HAYES, CHRISTOPHER J. FOX and

JANE & JOHN DOES, and employees/agents of HAYT:

## INTRODUCTION

1. Plaintiff brings this action for damage arising from the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692 k(d), 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Defendant(s) conduct business here and have an office in the state of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1)

## PARTIES

5. Plaintiff is a natural person living in Alloway, New Jersey.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant HAYT is a debt collection company with its principle place of business located at Two Industrial Way West, Eatontown, NJ 07724-0500.

8. At all relevant times, Defendant HAYT acted as a "debt collector" as defined by 15 U.S.C. §1692a(6) and repeatedly contacted the Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

9. Defendant KENNETH HAYES, an attorney of HAYT is a "debt collector" as defined by 15 U.S.C. §1692a(6) and repeatedly contacted the Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

10. Defendant CHRISTOPHER J. FOX, an attorney of HAYT is a "debt collector" as defined by 15 U.S.C. §1692a(6) and repeatedly contacted the Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

11. Defendant JANE and JOHN DOES are natural person(s) who were employed by HAYT as collection agents, whose identities are currently unknown to Plaintiff. Defendant JANE and JOHN DOES are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6). One or more of the collection agents may be joined as parties once their identities are disclosed through discovery.

12. Defendant HAYT acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives and insurers.

## PRELIMINARY STATEMENT

13. Plaintiff brings this action for damages arising from Defendant(s) violations of: (1) the FDCPA 15 U.S.C. § 1692d *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and (2) the FCRA 15 U.S.C. §1681 *et seq.*

14. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.

15. Plaintiff contends that the Defendant(s) have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt.

## FACTUAL ALLEGATIONS

16. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff.

17. The *alleged* debt arose out of transactions that were primarily for personal, family, or household purpose.

18. Beginning around June 2013 and continuing to the present (February 2015), Defendant HAYT, its agents, employees and servants engaged in debt collecting activities seeking payment from Plaintiff.

19. In an attempt to collect a debt, Defendants sent a dunning letter to Plaintiff dated June 3, 2013 seeking and demanding payment of $13,339.77. *See Attached* as **Exhibit A.**

20. On June 28, 2013, Plaintiff sent a certified letter to Defendants timely disputing the validity of the alleged debt and demanded validation. *See Attached* as **Exhibit B**.

21. Defendants are not creditors of the Plaintiff as defined by 15 U.S.C. §1692a(4).

22. Defendants did not validate and obtain *verification* of the alleged debt pursuant to FDCPA 15 U.S.C. §1692g(b).

23. Around August 2, 2013, Defendant HAYT filed a lawsuit ("Civil Complaint") against Plaintiff in an attempt to collect the alleged debt.

24. In the Civil Complaint, HAYT and the debt collector KENNETH HAYES postured themselves as attorneys retained by an alleged creditor of Plaintiff, named Capital One Bank (USA), N.A. (hereinafter "Capital One").

25. The Civil Complaint was filed in the Salem County New Jersey Superior Court Special Civil Part   Docket No: DC-001106-13, seeking a judgment award of

$13,339.77. *See Attached* as **Exhibit C**, a true and correct copy of Defendant's complaint.

26. Defendants, together and/or separately, created the appearance in the Civil Complaint and on public record the appearance of Plaintiff's creditor, Capitol One, having sued the Plaintiff for a balance outstanding on the creditor's account.

27. The Civil Complaint was signed by KENNETH HAYES.

28. The Civil Complaint was *not* signed by Capital One and was *not* verified by Capitol One.

29. On September 3, 2013, Plaintiff filed a "Notice of Dispute of Debt" into the Salem County New Jersey Superior Court record. *See Attached* as **Exhibit D**.

30. Defendants continued collection efforts against Plaintiff even *after* having received Plaintiff's June 28, 2013 validation demand and Plaintiff's September 3, 2013 "Notice of Dispute of Debt".

31. Despite Plaintiff's dispute of the alleged debt and demand for validation and despite Defendants' failure to provide debt validation and obtain *verification*, Defendants continued to attempt to collect the alleged debt.

32. Defendants represented to Plaintiff that they were attorneys for alleged client Capital One.

33. Defendants represented to Plaintiff that the alleged debt had been assigned *away from* Capitol One.

34. Defendants represented to Plaintiff that Capitol One is an **Assignor** of the alleged debt, i.e. an *Assignor* being one who has assigned the debt to someone else.

35. Defendant CHRISTOPHER J. FOX an attorney of HAYT started appearing at
hearings regarding the Civil Complaint [Docket No: DC-001106-13] around June,
2014, thereby *attempting to collect a debt* from Plaintiff which was in dispute.

36. Defendant CHRISTOPHER J. FOX continued collection efforts against Plaintiff
despite Plaintiff's validation demands, Plaintiff's "Notice of Dispute of Debt" and
Defendant(s)' failure to provide debt validation and obtain *verification*.

37. On June 5, 2014, Plaintiff obtained his consumer credit report from the Credit
Reporting Agency (CRA) Experian to view Plaintiff's consumer credit report.

38. Plaintiff discovered after examination of his Experian consumer credit report that on
June 11, 2013, Defendant HAYT illegally, without lawful authorization to do so,
obtained Plaintiff's consumer credit report (i.e. pulled his credit) from the Credit
Reporting Agency (CRA) Experian without permissible purpose.

39. The order of events are as follows:

    (a) June 3, 2013: Defendants sent dunning letter to Plaintiff dated June 3, 2013.

    (b) June 11, 2013: Defendants obtained Plaintiff's consumer credit report without
    permissible purpose.

    (c) June 28, 2013: Plaintiff sent certified dispute/ validation letter to Defendant.

    (d) August 2, 2013: Defendants filed lawsuit ("Civil Complaint") against
    Plaintiff.

    (e) September 3, 2013: Plaintiff filed "Notice of Dispute of Debt" into the
    record.

40. Plaintiff notified the Defendants of their violations by certified letter dated June 19,
2014 in an attempt to mitigate his damages and obtain settlement prior to Plaintiff

bringing this action. Plaintiff sent a second certified letter dated June 23, 2014.

Defendant(s) refused to settle. *See Attached* as **Exhibit E**

41. At no time did the Plaintiff give the Defendant HAYT permission to obtain his

consumer credit report from any Credit Reporting Agency (CRA).

42. Defendants invaded Plaintiff's personal and financial privacy by illegally obtaining

Plaintiff's consumer credit report without permissible purpose.

43. Plaintiff filed a dispute with the (CRA) Experian pursuant to FCRA 15 U.S.C. §1681.

**COUNT I**

**DEFENDANT VIOLATED §1692d OF THE**

**FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff alleges and incorporates the information in paragraphs 1 through 43.

45. Defendants in its action to collect a debt violated numerous provisions of the FDCPA,

including, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. §1692d of the FDCPA by harassing Plaintiff in

   connection of an alleged debt, by engaging Plaintiff in stressful court proceedings

   under false pretenses in an attempt to collect a debt that was and is not verified or

   validated, and is not confirmed by any one as true and correct and presently

   outstanding.

   b. Misrepresenting the character of the alleged debt.

   c. Misrepresenting the status of the alleged debt as *outstanding* and owed to the

   creditor Capitol One when in fact the alleged debt was not *outstanding* and owed

   to Capitol One on an outstanding account *owned by* Capitol One.

   d. Misrepresenting the amount of the alleged debt and harassing the Plaintiff with

   these misrepresentations and conflicting/varied amounts of alleged debt, and

harassing Plaintiff with demands for payment of amounts that were neither
consistent nor verified as correct.

## COUNT II
### DEFENDANT VIOLATED §1692e, 1692e(2) and 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

46. Defendants violated 15 U.S.C. §1692e of the FDCPA by using false, deceptive, or
misleading representation or means within the collection of a debt;

47. Defendants violated 15 U.S.C. §1692e(2) of the FDCPA by falsely representing the
character, amount, or legal status of any debt;

48. Defendants violated 15 U.S.C. §1692e(10) of the FDCPA by using false
representation or deceptive means to collect or attempt to collect any debt or to obtain
information concerning a consumer.

## COUNT III
### DEFENDANT VIOLATED §1692f and 1692f(1) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

49. Defendants violated 15 U.S.C. §1692f of the FDCPA by using unfair and
unconscionable means with the Plaintiff to collect or attempt to collect a debt.

50. It is *unconscionable* for Defendants to have fabricated the appearance of being
attorneys of an alleged creditor of Plaintiff, and further fabricating a court action
whereby it appeared to Plaintiff that a creditor of an outstanding account had sued
him. Such activity constitutes *unconscionable means* in an attempt to collect an
alleged debt.

51. Defendants violated 15 U.S.C. §1692f(1) of the FDCPA by the collection of any
amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. Defendants do not possess, nor have they presented to Plaintiff, an agreement expressly authorizing or creating the alleged debt.

53. An agreement, creating the alleged debt, does not exist.

**COUNT IV**

**DEFENDANT VIOLATED §1692g(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

54. Defendants violated 15 U.S.C. §1692g(b) of the FDCPA by continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.

55. Defendants acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff respectfully demands for judgment against Defendants as follows:

a) All actual damages from each Defendant pursuant to 15 U.S.C. §1692 k(a)(1) for the emotional distress, humiliation, embarrassment, pain and suffering from numerous stress related gout attacks suffered as a result of the intentional and/ or negligent FDCPA violations for Plaintiff.

b) Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. §1692 k(a)(2)(A).

c) All attorney's fees, witness fees, court cost and other litigation cost incurred by Plaintiff pursuant to 15 U.S.C. §1692 k(a)(3);

d) Injunctive relief barring Defendants from attempting to collect the alleged debt from Plaintiff at any time; and

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT V

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE BY DEFENDANT HAYT, HAYT & LANDAU, LLC

56. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

57. Defendant HAYT, HAYT & LANDAU, LLC is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

58. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

59. Plaintiff's consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

60. Defendant HAYT, HAYT & LANDAU, LLC willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

a) Defendant HAYT, HAYT & LANDAU, LLC willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

61. Defendant's violations may also be criminal violations pursuant to 15 U.S.C. §1681q.

WHEREFORE, Plaintiff respectfully demands for judgment against Defendants as follow:

a) For damages in the amount of $1,000 against Defendant HAYT, HAYT & LANDAU, LLC for actual or statutory damages,

b) Attorney's fees, witness fees, court cost and other litigation cost incurred by Plaintiff pursuant to 15 U.S.C. §1681n.

c) Injunctive relief barring Defendants from attempting to obtain any credit reports or personal information of Plaintiff at any time;

d) Injunctive relief barring Defendants from reporting any information regarding Plaintiff at the Credit Reporting Agencies;

e) Require Defendants to withdraw all information reported to the Credit Reporting Agencies regarding Plaintiff and to return to Plaintiff all reports Defendants have obtained, with disclosure as to all persons who have had access to said reports via Defendants (such as employees of Defendants or any other person who has viewed said reports as a result of Defendants having obtained such reports);

f) Any other relief deemed appropriate by this Honorable Court.

## COUNT VI

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT HAYT, HAYT & LANDAU LLC

62. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

63. Defendant HAYT, HAYT & LANDAU, LLC is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

64. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

65. Plaintiff's consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

66. Defendant HAYT, HAYT & LANDAU, LLC negligently violated the FCRA.

67. Defendant's violations include, but are not limited to, the following:

   a)   Defendant HAYT, HAYT & LANDAU LLC negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff respectfully demands for judgment against Defendants as follow:

   a)   For damages in the amount of $1,000 against Defendant HAYT, HAYT & LANDAU LLC for actual or statutory damages.

   b)   Attorney's fees, witness fees, court cost and other litigation cost incurred by Plaintiff pursuant to 15 U.S.C. § 1681o.

   c)   Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury.

Respectfully submitted

Date: 2/26/2015

Michael James Ross
P.O. box 847
Alloway, NJ 08001
609-217-8143

## VERIFICATION

I verify with firsthand knowledge that the statements herein the foregoing "Complaint" are true
and correct as to my own knowledge and are presented to this Court in good faith.

Date 2/26/2015

Michael James Ross