Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 JUN 22 P 3: 51

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHAEL J. ROSS

Plaintiff

-v-

HAYT, HAYT & LANDAU, LLC
KENNETH HAYES
CHRISTOPHER J. FOX
JANE & JOHN DOES 1-10; Employees
of HAYT, HAYT & LANDAU, LLC

Defendant(s)

Case No. 1:15-CV-01506-NLH-JS

**PLAINTIFF'S NOTICE OF
OBJECTION AND MOTION
TO STRIKE**

**(Unlawful Debt Collection Practices)**

---

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

LAW OFFICE OF
HAYT, HAYT& LANDAU, LLC
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500
(732) 544 - 9080

---

## PLAINTIFF'S NOTICE OF OBJECTION AND
## MOTION TO STRIKE

**PLEASE TAKE NOTICE** that on July 20, 2015 the Plaintiff will make application to the

UNITED STATES DISTRICT COURT for the District of New Jersey, Mitchell H. Building &

U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, for an order striking false

statements and all State Court information referenced in Documents 10 and 10-1 submitted by

Defendant KENNETH HAYES. Plaintiff believes in good faith that this action is necessary to

clear the record of the misleading, misrepresented, partial and false statements of the Defendant

KENNETH HAYES.

Respectfully submitted,

Date _6 / 19 / 2015_

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MICHAEL J. ROSS

Plaintiff

-v-

HAYT, HAYT & LANDAU, LLC
KENNETH HAYES
CHRISTOPHER J. FOX
JANE & JOHN DOES 1-10; Employees
of HAYT, HAYT & LANDAU, LLC

Defendant(s)

Case No. 1:15-CV-01506-NLH-JS

**PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE**

---

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

LAW OFFICE OF
HAYT, HAYT& LANDAU, LLC
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500
(732) 544 - 9080

---

## PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE

Now comes Plaintiff and files his Objection and Motion to Strike all State Court

Information referenced in papers filed by the Defendant KENNETH HAYES titled "REPLY

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FILLED BY DEFENDANTS

HAYT, HAYT & LANDAU, LLC, KENNETH HAYES and CHRISTOPHER J. FOX"

Document 10 (herein "REPLY MEMORANDUM") and "REPLY DECLARATION OF

KENNETH HAYES" Document 10-1 (herein "REPLY DECLARATION"). Plaintiff brings this

Objection and Motion to Strike so as to: (1) correct the record; (2) clear the record of the referenced State Court Information which is misleading, is misrepresented by Defendant(s) and is materially incomplete; and (3) to clear the record of Defendant(s)' false statements. Plaintiff moves according to the following:

1.  Plaintiff is not interested in re-litigating the referenced state court case (hereinafter "State Case") through this federal case. Plaintiff is on point with violations of federal law that occurred regardless of any State Case information. The State Case is over. However, because the Defendant KENNTH HAYES is *now in this federal case* parading incomplete State Case information so as to paint a false picture regarding Plaintiff and the State Case, it has thus become necessary to clear the record, correct the record accordingly, and provide important information that Defendant(s) have omitted from their filings.

2.  Again as already stated in "Plaintiff's Rebuttal of Declaration of Kenneth Hayes", Plaintiff objects to section (1) of the REPLY DECLARATION in that Kenneth Hayes *again* fails to identify himself to *be* a debt collector as defined by the FDCPA and fails to describe the actual activities and practices of the entity named "Law Offices of HAYT, HAYT & Landau, LLC" (herein ("HAYT"), which may aptly describe HAYT and its employees as *debt buyers* or collectors of personal information of others for the purposes of extortion. Here again his introduction of himself here in the REPLY DECLARATION hides the facts surrounding his activities in this particular case. Regardless of whether he is an "attorney-at-law" or associate at HAYT, he has engaged in unlawful and deceptive behavior in this case. Plaintiff objects to Kenneth Hayes statement that he makes "this declaration based upon my personal knowledge of the matters set forth herein…" For

example, at paragraph 2 of the REPLY DECLARATION, it is asserted "the credit card debt referenced in the Plaintiff's complaint", however an alleged *credit card debt* **has never been verified** in this case and *Kenneth Hayes actually has no "personal knowledge" of any such "credit card debt."* Importantly, the files of HAYT *as it relates to the Plaintiff* have **never been verified** as true and correct by anyone. So regardless of whether Kenneth Hayes declares that he has reviewed the files of HAYT, any such files involving Plaintiff are not verified to be true and correct. While the REPLY DECLARATION states that "I make this declaration based upon my personal knowledge of the matters set forth herein and review of HHL's files", it does not address the subject matter of the Plaintiff's Complaint which states claims regarding Defendants' *conduct* and *behavior* and violation of the FDCPA and the FCRA.

3. Again Plaintiff objects to section (2) of the REPLY DECLARATION. Here the Defendant refers to an alleged *credit card debt* and without personal knowledge attempts to declare that the State Case was regarding an alleged "credit card debt", when in fact, no one has claimed, affirmed and proven any *credit card debt* whatsoever. This alleged debt remains *un-validated and un-verified* by anyone and based upon Plaintiff's knowledge *the State Case was only the Defendants' unlawful attempt to extort sums of money from Plaintiff*. The Plaintiff's complaint *is not about debt*, it is only about the Defendants' unlawful debt collection practices, *conduct, behavior and violations* of the FDCPA and the FCRA. The Defendants' ability to file a state court action and put false papers on the court does not prove any permissible purpose or lawful debt collection activity. Furthermore the State Case is over: jurisdiction was challenged as a result of the

financial institution proving it lacked standing to have sued in the state court and the State Case has stopped.

4. Again Plaintiff objects to section (4) of the "REPLY DECLARATION OF KENNETH HAYES" as it refers to "a few of the more important of the 106 entries reflected on the Superior Court docket sheet" - this is inaccurate. The "REPLY DECLARATION" is *not* being forthright and thorough about all that was discovered in the State Case and the Defendant fails to inform this District Court of such events which showed that: (1) the financial institution never had standing to have sued in the first place and thus the state court lacked jurisdiction; (2) the alleged debt had been assigned *away from* the subject financial institution *to an unknown assignee;* and (3) the financial institution did not own any outstanding account adverse to MICHAEL J. ROSS upon which to sue.

5. Plaintiff objects to section (5) of the Defendant's REPLY DECLARATION. It references counterclaims that were filed in the State Case, however the Defendant left out one of those "few important entries" which shows that the counterclaims were withdrawn upon the fact that the financial institution (against which the counterclaims were filed) had actually *not* sued MICHAEL J. ROSS, had no standing to sue MICHAEL J. ROSS, and the State Court had no jurisdiction to hear any controversy between the alleged parties.

Once it was discovered that the alleged Plaintiff in the State Case had not bought the action, the counterclaims were withdrawn. Again, this is one of the important entries that the Defendant(s) failed to mention as to appear to be attempting to inform this federal court. As such, Defendant(s)' references to counterclaims in the State Case are irrelevant,

incomplete, do not facilitate a thorough understanding of the facts of the matter, are outside the scope of this federal case, and should thus be stricken.

6. The Plaintiff objects to the remainder of the Defendant's REPLY DECLARATION which is about State Case proceedings. For the record, *jurisdiction was challenged in the State Case, the financial institution failed to prove standing to have brought the case or to continue the case moving forward, and thus the case stopped:*

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

The Defendant's REPLY DECLARATION refers to pleadings, orders and a misleading affidavit, but there is no mention of the unrebutted "AFFIDAVIT OF CONTACT WITH CAPITOL ONE BANK USA, N.A." in which it is an affirmed fact that the financial institution (alleged Plaintiff in State Case) confirmed directly to Michael James Ross that it had not sued MICHAEL J. ROSS and had no claim or outstanding account against MICHAEL J. ROSS. The unrebutted affidavit affirmed in part as follows:

"I spoke to representative Philip ID# JUJ339. After checking my identity and looking into the matter, he stated that CAPITAL ONE BANK (USA), N.A. did not sue me and did not have any lawsuits or claims against me." *See* attached copy of subject affidavit as Exhibit A.

The financial institution precisely stated to Michael James Ross that "*they did not bring this action*", but this is another one of those "few important entries" that the Defendant KENNETH HAYES has left out of his distorted explanation of the State Case. Again, it is materially incomplete and disingenuous to attach said "Superior Court's Orders" when actually, such *orders are void* through the failure of the *alleged Plaintiff* in that State Case to have had standing to sue, and through the State Court not having jurisdiction to

have issued the said orders in the first place! Why does Defendant hide these

jurisdictional and standing issues from this federal court?! As such, again the REPLY

DECLARATION is diversionary and deceptive. Therefore, the Plaintiff's request to

Strike all State Case information is proper and should be granted. Plaintiff is supported

by the following principles as stated by courts across the country:

> A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

> Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. Wahl v. Round Valley Bank 38 Ariz, 411, 300 P. 955(1931), Tube City Mining & Millng Co. v. Otterson, 16 Ariz. 305, 146p 203(1914); and Millken v. Meyer, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940).

> Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void judgment is nullity and may be vacated at any time, Matter of Marriage of Welliver, 869 P.2d 653 (Kan. 1994).

> Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, Cockerham. v. Zikratch, 619 P.2d 739 (Ariz. 1980).

7. The State Case is a nullity and should have never been filed by the financial institution in

the first place. *Now* this federal case is on point regarding Defendant(s)' violations of

federal law.

## As To the REPLY MEMORANDUM

8. The REPLY MEMORANDUM of the Defendant KENNTH HAYES contains false and

incorrect statements and relies on the same State Case information that is irrelevant

and/or improper for the reasons previously stated. The Plaintiff stands on the

"PLAINTIFF'S RESPONSE TO DEFENDANT MOTION TO DISMISS" Document 7.

(Herein "PLAINTIFF'S RESPONSE"). In Defendant(s)' alleged reply, he fails to address the material as stated in PLAINTIFF'S RESPONSE and fails to reply point by point. So in effect, it is not a material *reply*. Thus, Plaintiff objects and moves to strike it.

9. In the "PRELIMINARY STATEMENT" of the REPLY MEMORANDUM, the Defendant KENNTH HAYES without supporting basis merely states: "The Plaintiff's contention that only defendant Hayes has moved to dismiss the complaint is simply wrong." However, such statement is not true and is not proven by the record of the case. Defendant KENNTH HAYES does not provide any supporting Notice of Appearance, declaration of Christopher Fox or of the subject law offices, or attorney-client retainer agreement so as to prove agency. The record speaks for itself, as stated in the Plaintiff's "REQUEST TO CLERK FOR ENTRY OF DEFAULT AGAINST CHRISTOPHER J. FOX", Document 9, and "REQUEST TO CLERK FOR ENTRY OF DEFAULT AGAINST [LAW OFFICES OF] HAYT, HAYT & LANDAU, LLC" (herein "HAYT, HAYT & LANDAU, LLC"), Document 8.The record of this case is void of any document filed by Defendants HAYT, HAYT & LANDAU, LLC or Christopher J. Fox as *pro se* and is likewise void of a Power of Attorney or Notice of Appearance whereby an attorney is authorized to represent said Defendants. There is no responsive document on record signed by HAYT, HAYT & LANDAU, LLC or Christopher J. Fox. Also, said Defendants have not filed an affidavit or made any statement to the Court regarding the case. As such, the said statement from KENNTH HAYES is just that a statement with no proof – it is hearsay at best. The Plaintiff does not assume anything here, Plaintiff objects and moves to strike.

10. For example, it is important to realize here that Christopher Fox could take the position
    that he did not make any of the representations as put forth by the filings of KENNETH
    HAYES thus far, and such position would be supported by the record – Who can prove
    that Christopher Fox appeared and has any cognizance of what is being filed by
    KENNETH HAYES or intends to be bound by it or responsible for the representations
    made therein?

11. REPLY MEMORANDUM without support states that "Plaintiff's assertion that there is
    an impermissible conflict among and between defendant Hayes, his employer HHL and
    coworker defendant Fox is patiently incorrect." Here again this statement is absent any
    supporting statement from the subject law offices and Christopher Fox. Plaintiff
    maintains, and Christopher Fox has no affirmed otherwise, that "it would be a conflict of
    interest for Kenneth Hayes to be representing himself *and* the other Defendants
    (switching hats from pro se litigant to advocate for another Defendant even if it meant
    taking a position against himself). Each Defendant must have its own voice", as stated in
    PLAINTIFF'S RESPONSE. The focus here is that Defendant KENNTH HAYES can
    only speak for himself, whether the Defendants are in conflict is not for him alone to say,
    *each Defendant must have its own voice*. Plaintiff objects and moves to strike.

12. The Plaintiff objects to section 6 of the REPLY MEMORANDUM wherein Defendant
    KENNTH HAYES states, "according to the Plaintiff, the debt was assigned to HHL
    (Counts I, II and III of the Complaint)". This is absolutely a *false statement*. The
    Plaintiff did not make this statement and it is nowhere in the Plaintiff's Complaint. This
    goes to show that the Defendant KENNTH HAYES has no problem with making *false
    statements* and misrepresenting even here now in the United States District Court for the

District of New Jersey. This deceptive conduct, behavior and false statements of the Defendant KENNTH HAYES are the reasons for the Plaintiff's complaint. Plaintiff objects and moves to strike.

13. Plaintiff objects to the portion of section 6 of the REPLY MEMORANDUM wherein Defendant KENNTH HAYES references "Schaffhauser v Citibank (South Dakota) N.A." and states "the matter at the bar is indistinguishable from Schaffhauser". This is incorrect: "Schaffhauser v Citibank (South Dakota) N.A." involves a *real creditor* collecting on its own outstanding account. That is not the case here. In this matter before this federal court, there is neither a real creditor nor an outstanding account, only a mere debt collector using unlawful debt collection practices to collect a false debt. Therefore, the references to "Schaffhauser v Citibank (South Dakota) N.A." as being indistinguishable from this case must be stricken.

14. The subject matter as stated in the first part of Point Two of the Defendant's REPLY MEMORANDUM was addressed in PLAINTIFF'S RESPONSE, *see* "PLAINTIFF'S RESPONSE" Document 7. But now, by the REPLY MEMORANDUM, there are more incorrect and false statements that must be stricken. First, the statement that "HHL provided the Plaintiff with FDCPA compliant validation of the debt" is false, no validation with verification was ever provided to Plaintiff ever at any time. Second, in the footnote 4 attached to the foregoing statement, it states that "FDCPA requirements for validating a debt are minimal" "see 15 U.S.C. 1692(g)", however this is incorrect because 1692(g) clearly states several times that debt collectors need to obtain verification, this is not a mere "minimal" requirement. Third, it states that "HHL also supplied the Plaintiff with an affidavit from Capital One", but this is *absolutely false*.

There has never been any affidavit from an alleged Capital One. Again this shows that the Defendant KENNTH HAYES has no problem with making *false statements* and misrepresenting here in the United States District Court for the District of New Jersey regarding the matter of his debt collection activities. Therefore, Plaintiff objects and moves to strike.

15. The REPLY MEMORANDUM and REPLY DECLARATION are misrepresentations of an alleged debt, its status, its character, and misrepresentations regarding matters relating to the debt collection activities of Defendants. This is a violation of the FDCPA right before this federal court.

16. Plaintiff objects to Defendant(s)' attempts to infer to the Court that merely being a debt collector confers permissible purpose under FCRA. If Defendant(s)' reasoning here is followed then he by merely being a purported debt collector has access to the credit reports of anyone anywhere in this country. Surely there must be more to it than that! Obviously all of Defendant(s)' filings are absent any certification or declaration of the credit reporting agencies affirming permissible purpose as a matter of law. Just because Defendant(s) pulled Plaintiff's reports acting as a debt collector does *not* mean that they were authorized by law to do so. Therefore, Plaintiff objects and moves to strike all comments made by Defendant(s) that equate merely being a debt collector with having permissible purpose in this specific case involving this specific Plaintiff.

17. The REPLY MEMORANDUM and REPLY DECLARATION filed by the Defendant KENNTH HAYES are off-point and diversionary. The Defendant is attempting to get the court's eyes off the claims that are before it. The Plaintiff's Complaint is about unlawful debt collection practices, *conduct, behavior* and violations of the FDCPA and the

FCRA. Defendant(s) have stated no valid defense thereto. Instead, Defendant(s) are attempting to divert the Court's attention and are lying about the facts of the matter. For example, as a matter of record Defendant(s) have not produced any validation of debt document or permissible pull certification in accordance with the law as to this particular matter. Such documents and certifications simply do not exist in this case. This would be more evident, if all the fluff, misrepresentations, false statements, and diversionary material be stricken. The State Case information as presented by Defendant(s) is not a validation of debt, proof of permissible purpose or proof of lawful activity, and is being misused by Defendant(s) in this case to divert away from the Defendant(s)' lack of valid defense to Plaintiff's Complaint.

WHEREFORE, Plaintiff moves this court to strike all State Case information as presented by Defendant(s) and to strike the false and unsupported statements (as identified herein) in REPLY MEMORANDUM and REPLY DECLARATION of the Defendant KENNTH HAYES.

Respectfully submitted,

Date 6/19/2015

Michael J. Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

RECEIVED
APR 2 3 2014
SUPERIOR COURT OF NEW JERSEY
COUNTY CIVIL PART

**Affidavit of Contact** with CAPITAL ONE BANK

(USA), N.A.

$EXHIBIT-A:$

Michael J. Ross
P.O. BOX 847
Alloway, NJ 08001
(609) 217-8143

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION SALEM COUNTY
SPECIAL CIVIL PART

Docket No: **DC-001106-13**

CAPITAL ONE BANK (USA), N.A.

**AFFIDAVIT OF CONTACT
WITH CAPITAL ONE BANK (USA), N.A.**

Plaintiff (s)

-v-

MICHAEL J. ROSS

Defendant (s)

LAW OFFICES OF
HAYT, HAYT & LANDAU, LLC
TWO INDUSTRIAL WAY WEST- P.O. BOX 500
EATONTOWN, NEW JERSEY 07724 - 500
(732) 544 - 9080
ATTORNEYS FOR PLAINTIFF

Michael J. Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

# AFFIDAVIT OF CONTACT
# WITH CAPITAL ONE BANK (USA), N.A.

In the county of Salem

In the State of New Jersey

Affiant, Michael J. Ross, has prepared this affidavit of facts and testimony on April 21, 2014 with the purpose of stating, in good faith and under oath, the facts that he has been able to gather and determine from information that has been available to him through inquiries, research, public records, and/or from his first hand witness of the matters stated herein.

1. I, the Affiant, Michael J. Ross, make the statements herein, under oath, in good faith and upon my best informed knowledge and belief. I am willing to testify to that which is stated herein if called upon to do so.

2. On March 24, 2014, I, the Affiant, Michael J. Ross, contacted CAPITAL ONE BANK (USA), N.A. to inquire if they had sued me or had any law suits against me. I spoke to representive Philip ID# JUJ339. After checking my identity and looking into the matter, he stated that CAPITAL ONE BANK (USA), N.A. did not sue me and did not have any lawsuits or claims against me.

3. Around the end of March and April, 2014, I received a Pre-Approved Offers from Capital One for a pre- approved Platinum Capital One credit card. *See* **Exhibit B:** Capital One Pre-Approved Offers, wherein it states this "offer is ***only*** sent to a well-qualified group of people". It appears to me that in Capital One's opinion, I am in good standing with them. I hereby affirm that it appears obvious to me that Capital One would not be making this offer to me if it had a lawsuit against me.

4. I understand that I am in good standing with CAPITAL ONE BANK (USA), N.A. and that I have no outstanding amount due on any account with CAPTIAL ONE BANK (USA), N.A.

5. HAYT, HAYT & Landau, LLC and Kenneth Hayes, admitted debt collectors and alleged counsel for the Plaintiff are wholly acting on their own. The Plaintiff is not the real party in interest and according to the alleged plaintiff did not sue or have any lawsuit or claim against the affiant.

6.   I have expended about 90 hours in time to prepare the documents and research this matter. It has cost me an estimated $550.00 to defend myself in this matter.

7.   I affirm that I have suffered stress, which has compounded a medical condition that I have that causes me severe pain and suffering that lasts sometimes for several weeks. I have also suffered from feelings of duress, such as inability to sleep, anxiousness, and a general feeling of pressing need to address this matter, resulting in being forced away from doing the things that I enjoy and from being with my friends and family. This matter has thus taken up my time. When I consider that this matter is not even a bona fide claim signed by an authorized party and/or a damaged party, I determine and state hereby that, because of this instant matter, my time has been unjustly diverted away from activities that are more profitable and/or more enjoyable for me to pursue.

8.   I support a family and community so as to provide the necessities of life to ourselves and to those who depend on us. Time spent on this matter has unnecessarily impeded me in tending to my other responsibilities and opportunities.

I affirm.

Further Affiant(s) Sayeth Not.

Michael J. Ross        4/21/2014

Sworn to and subscribed before me this

21 day of April, 2014

Notarized and Witnessed by:

Tamara K Clark

**TAMARA L. CLARK**
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/3/2017

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHAEL J. ROSS

Case No. 1:15-CV-01506-NLH-JS

Plaintiff

-v-

**AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S OBJECTION AND
MOTION TO STRIKE**

HAYT, HAYT & LANDAU, LLC
KENNETH HAYES
CHRISTOPHER J. FOX
JANE & JOHN DOES 1-10; Employees
of HAYT, HAYT & LANDAU, LLC

Defendant(s)

Michael James Ross
P.O. Box 847
Alloway, NJ 08001
609-217-8143

LAW OFFICE OF
HAYT, HAYT& LANDAU, LLC
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500
(732) 544 - 9080

## AFFIDAVIT SUPPORT OF PLAINTIFF'S OBJECTION
## AND MOTION TO STRIKE

In the county of Salem

In the State of New Jersey

Affiant Michael James Ross, has prepared this affidavit of facts and testimony on JUNE 19,

2015 with the purpose of stating, in good faith and under oath, the facts that he has been able to

gather and determine from information that has been available to him through inquiries, research, court records, and/or from his first hand witness of the matters stated herein.

1. I, Michael James Ross, the Affiant, make the statements herein, under oath, in good faith and upon my best informed knowledge and belief and has personal knowledge of the facts set forth in this affidavit.

2. On May 26, 2015, the Defendant KENNTH HAYES filed papers titled "MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FILLED BY DEFENDANTS HAYT, HAYT & LANDAU, LLC, KENNETH HAYES and CHRISTOPHER J. FOX" Document 10 on the record (herein "MEMORANDUM, Doc. 10") and "REPLY DECLARATION OF KENNETH HAYES" Document 10-1 on the record (herein "Reply DECLARATION Doc. 10-1").

3. The Affiant affirms that according to the record, the only Defendant who has moved to dismiss the Complaint is Kenneth Hayes pro se – all others have not appeared either pro se or through proper counsel of record.

4. The Affiant affirms that examination of the Court files and records in this action shows that Defendant HAYT, HAYT & LANDAU, LLC, has failed to plead or otherwise defend as to Plaintiff's Complaint: Affiant has examined the record and has not seen any document or Notice of Appearance filed by an attorney claiming to have power of attorney granted to him by HAYT, HAYT & LANDAU, LLC.

5. The Affiant affirms that examination of the Court files and records in this action shows that Defendant CHRISTOPHER J. FOX has failed to plead or otherwise defend as to Plaintiff's Complaint: Affiant has examined the record and has not seen any document signed by the Defendant Christopher J. Fox is representing himself, and Affiant has not

seen a Notice of Appearance filed by an attorney claiming to have power of attorney granted to him by Christopher J. Fox.

6. The Affiant affirms that Request To Clerk For Entry Of Default Against [LAW OFFICES OF] HAYT, HAYT & LANDAU, LLC and CHRISTOPHER J. FOX was filed on May 26, 2015, known as Document 8 and 9 on the record.

7. The Affiant affirms that this complaint *is not about debt*, it is only about the Defendants' unlawful debt collection practices, *conduct, behavior and violations* of the FDCPA and the FCRA.

8. The Affiant affirms that jurisdiction was challenged in the State Case, the financial institution failed to prove standing to have brought the case or to continue the case moving forward, and thus the case stopped:

9. The Affiant affirms that on June 5, 2014, affiant discovered that the Defendant HAYT, HAYT & LANDAU, LLC obtained Plaintiff's consumer credit report (i.e. pulled his credit) from the Credit Reporting Agency (CRA) Experian without permissible purpose on June 11, 2013.

10. The Affiant affirms that HAYT, HAYT & LANDAU, LLC is not a creditor of Plaintiff, has never extended credit to Plaintiff, and never at any time did Plaintiff give permission to the Defendant HAYT, HAYT & LANDAU, LLC to obtained Plaintiff's consumer credit report.

11. The Affiant affirms that the statement made by Defendant KENNETH HAYES in the REPLY MEMORANDUM "according to the Plaintiff, the debt was assigned to HHL (Counts I, II and III of the Complaint)" is absolutely a *false statement*. The Plaintiff did not make this statement and it is nowhere in the Plaintiff's Complaint.

12. The Affiant affirms that the statement made by Defendant KENNETH HAYES in the REPLY MEMORANDUM "HHL provided the Plaintiff with FDCPA compliant validation of the debt" is false, no validation with verification was ever provided to Plaintiff ever at any time.

13. The Affiant affirms that the statement made by Defendant KENNETH HAYES in the REPLY MEMORANDUM "HHL also supplied the Plaintiff with an affidavit from Capital One" is *absolutely false*. There has never been any affidavit from an alleged Capital One.

14. This Affidavit is executed by the Affiant for the purpose of affirming the factual basis for Objection and Motion to Strike all information regarding the State Court case reference in the "REPLY MEMORANDUM" and "REPLY DECLARATION" OF KENNETH HAYES and all *false statements.*

I affirm.

Further Affiant(s) Sayeth Not.

Michael James Ross

Sworn to and subscribed
before me this
19 day of June, 20 15

Notarized and Witnessed by:

Tamara F Clark

TAMARA L. CLARK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/3/2017

## Certificate of Service

I certify that a true copy hereof has been furnished to all parties listed below by the method
indicated for each party.

HAYT, HAYT & LANDAU, LLC
Certified Mail # 7015 0640 0007 4862 0860

Kenneth Hayes
Certified Mail # 7015 0640 0007 4862 0877

Christopher J. Fox
Certified Mail # 7015 0640 0007 4862 0884

LAW OFFICES OF
HAYT, HAYT & LANDAU, LLC
TWO INDUSTRIAL WAY WEST- P.O. BOX 500
EATONTOWN, NEW JERSEY 07724 - 500

Done this 19 day of JUNE, 2015, by _____

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MICHAEL J. ROSS

    Plaintiff

     -v-

HAYT, HAYT & LANDAU, LLC
KENNETH HAYES
CHRISTOPHER J. FOX
JANE & JOHN DOES 1-10; Employees
of HAYT, HAYT & LANDAU, LLC

    Defendant(s)

Case No. 1:15-CV-01506-NLH-JS

**ORDER**

---

 And now upon the Plaintiff's Motion for Objection and Motion to Strike and the Court

having considered the papers submitted and presented by Plaintiff,

 HEREBY ORDERS:

1. To strike all State Case information as presented in Defendant's KENNTH HAYES

   Document 10 and Document 10-1 of the Defendant KENNTH HAYES.

2. To strike the false and unsupported statements in Document 10 and Document 10-1 of the

   Defendant KENNTH HAYES.

 It is hereby Order that Plaintiff's Motion is hereby granted.

             _____
                 U.S.D.J.