**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MICHAEL J. ROSS, | |
| Plaintiff, | Civ. No. 15-1506 (NLH/JS) |
| v. | **OPINION** |
| HAYT, HAYT & LANDAU, LLC, et al., | |
| Defendants. | |

Appearances:

MICHAEL J. ROSS
P.O. BOX 847
ALLOWAY, NJ 08001

    *Pro se plaintiff*

KENNETH HAYES
LAW OFFICES OF HAYT, HAYT, & LANDAU, LLC
MERIDIAN CENTER 1
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500

    *Attorney for defendants*

**HILLMAN**, District Judge

    Plaintiff brings this action for damages arising from Defendants' alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. For the

1

reasons explained below, Defendants' motion will be granted. Plaintiff also filed a "Notice of Objection and Motion to Strike." Plaintiff's motion will be denied.

## I.    FACTUAL BACKGROUND

This matter concerns an alleged debt owed to Capital One Bank. On June 3, 2013, the Law Offices of Hayt, Hayt & Landau, LLC ("HHL") and two of its attorneys, Kenneth Hayes and Christopher Fox (collectively, "Defendants") sent Plaintiff Michael J. Ross a dunning letter to collect a debt on behalf of its client, Capital One Bank, in the amount of $13,339.77. On June 28, 2013, Plaintiff sent a certified letter to Defendants disputing the debt and demanding validation. On August 2, 2013, Defendants filed a complaint in the Superior Court of New Jersey on behalf of Capital One Bank to collect the alleged debt.

On February 27, 2015, Plaintiff filed a five count complaint against Defendants for the: (1) violation of § 1692d of the FDCPA; (2) violation of § 1692e, § 1692e(2) and § 1692e(1) of the FDCPA; (3) violation of § 1692f and § 1692f(1) of the FDCPA; (4) violation of § 1681 of the FCRA for willful non-compliance by HHL; and (5) violation of § 1681 of the FCRA for negligent non-compliance by HHL.

2

## II.  __JURISDICTION__

Plaintiff asserts claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u>, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u>  The Court exercises jurisdiction over Plaintiff's federal law claims under FCRA and FDCPA pursuant to 28 U.S.C. § 1331.  <u>See also</u> 15 U.S.C. §§ 1681p, 1692k(d) (allowing FCRA and FDCPA claims to "be brought in any appropriate United States district court without regard to the amount in controversy, ...").

## III. __STANDARD FOR MOTION TO DISMISS__

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the claim as true and view them in the light most favorable to the claimant. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005); <u>MCI Telecommunications Corp. v. Graphnet, Inc.</u>, 881 F. Supp. 126, 128 (D.N.J. 1995).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, "[a]lthough the Federal Rules of

Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions' . . . ."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) ("<u>Iqbal</u> . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before <u>Twombly</u>.").

Following the <u>Twombly</u>/<u>Iqbal</u> standard, the Third Circuit has outlined a three-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the Court must take note of the elements needed for plaintiff to state a claim.  <u>Santiago v. Warminster</u>

4

Tp., 629 F.3d 121, 130 (3d Cir. 2010).  Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Third, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  Id.

A complaint must do more than allege the plaintiff's entitlement to relief.  Fowler, 578 F.3d at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element") (internal quotations and citations omitted).  A court need not credit either "bald assertions" or "legal conclusions" in a

5

complaint when deciding a motion to dismiss.  In re Burlington
Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

Finally, a court in reviewing a Rule 12(b)(6) motion must
only consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice.
S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).

**IV.  DISCUSSION**

Defendants argue that Plaintiff's FDCPA claims are barred
by the Act's one year statute of limitations and that Plaintiff
fails to state a claim under the FCRA.  The Court addresses each
argument in turn.

**1.  FDCPA**

The FDCPA was enacted "to eliminate abusive debt collection
practices which contribute to the number of personal
bankruptcies, to marital instability, to the loss of jobs, and

6

to invasions of individual privacy." <u>Wilson v. Quadramed Corp.</u>,
225 F.3d 350, 354 (3d Cir. 2000) (citations and internal
quotations omitted).  As Congress has explained, "the purpose of
the Act was not only to eliminate abusive debt collection
practices, but also to 'insure that those debt collectors who
refrain from using abusive debt collection practices are not
competitively disadvantaged.'" <u>Lesher v. Law Offices of
Mitchell N. Kay, PC</u>, 650 F.3d 993, 996 (3d Cir. 2011) (citing 15
U.S.C. § 1692(e)).  In light of the inadequacy of the existing
consumer protection laws at the time, Congress elected to give
consumers a private right of action against debt collectors who
fail to comply with the FDCPA's requirements.  <u>Lesher</u>, 650 F.3d
at 996-97.

An action under the FDCPA must be brought "within one year
from the date on which the violation occurs."  15 U.S.C. §
1692k(d).  In <u>Schaffhauser v. Citibank (S.D.) N.A.</u>, 340 F. App'x
128 (3d Cir. 2009), the Third Circuit considered the issue of
when the one-year statute of limitations begins to run.  The
court noted that some courts have held that FDCPA claims begin
to run upon filing of the underlying collection action, while
others use the date the purported debtor was served with the

complaint.  Id. at 130-31.  The Third Circuit declined to endorse one of these two approaches, instead finding that under either approach, the plaintiff's complaint was untimely.  Id. at 131.  The court further addressed the plaintiff's argument that ongoing debt collection constituted "continuing violations" of the FDCPA.  The court noted that there was no authority for the proposition that that participation in ongoing debt collection litigation "qualifies as a 'continuing violation' of the FDCPA." Id.  Thus the court found the plaintiff's FDCPA claims untimely. Id.; Wells Fargo Bank, N.A. v. Bertea, No. 13-7232, 2014 WL 5813704, at *4 (D.N.J. Nov. 10, 2014) (dismissing complaint where the plaintiff failed to allege discrete FDCPA violations within the one-year period to bring such claims).

In this case, HHL sent a letter dated June 3, 2013 to Plaintiff seeking to collect a debt.  Compl. ¶ 19.  HHL filed suit on August 2, 2013 in the Superior Court of New Jersey. Plaintiff was served with the complaint some time before September 3, 2013, when he filed a dispute in response to the complaint in the same civil action.  Compl., Exhs. C, D.[1]

---

[1] Further, the Court may take judicial notice of the dockets of the state courts of New Jersey.  See Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,

Plaintiff filed the instant federal lawsuit on February 27, 2015.  Plaintiff has pled no other incidents which would constitute a continuing violation of the FDCPA from February 27, 2014 to February 27, 2015.  Plaintiff states that "[w]hile Defendants *initially* sent a letter to Plaintiff dated June 3, 2013 attempting to collect an alleged debt, Defendants are *still* acting based upon that communication *to this day*."  Pl.'s Br. at 3 (emphasis in original).  However, Plaintiff has failed to plead an identifiable incident wherein his rights under the FDCPA were violated within the one-year statutory period.[2]

_____

181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity); M & M Stone Co. v. Pennsylvania, 388 F. App'x 156 (3d Cir. 2010) (district court was not required to covert motion to dismiss to motion for summary judgment where it took judicial notice of the existence of state court opinions without considering the underlying factual analysis).  The docket of the state litigation additionally shows Plaintiff was served with Defendants' complaint on August 6, 2013.

[2] While not cited in his complaint, Plaintiff states in his opposition brief that on October 3, 2013, Defendants sent Plaintiff a letter which stated: "We are attempting to collect a debt. Any information we obtain will be used for that purpose." Opp. Br. at 2.  Plaintiff fails to explain how this letter constitutes a FDCPA violation.  Further, Plaintiff cannot use an opposition brief to supplement his complaint.  Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

9

Participation in the debt collection litigation does not constitute an ongoing violation.  Schaffhauser, 340 F. App'x at 131.

Thus, under either approach articulated by the Third Circuit in Schaffhauser, Plaintiff's FDCPA claims are barred by the one-year statute of limitations.  Accordingly, Plaintiff's FDCPA claims in Counts I-III of his Complaint will be dismissed with prejudice.

**2.   FCRA**

"'Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'... In doing so, Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004)).  Under the Act, "consumer reporting agencies" ("CRAs") are entities which "regularly engage[ ] ... in the practice of assembling or evaluating consumer credit information or other information on consumers

for the purpose of furnishing consumer reports to third parties
[.]"  15 U.S.C. § 1681a(f).  As explained by another court in
this District, "the function of such entities is more accurately
described by the common term, 'credit rating agencies.'"
<u>Burrell v. DFS Services, LLC</u>, 753 F. Supp. 2d 438, 441 n.2
(D.N.J. 2010).

Plaintiff alleges in Counts IV and V of the Complaint that
HHL willfully and negligently violated FCRA by obtaining
Plaintiff's "consumer report" without a permissible purpose.
Under the FCRA a "consumer report" is:

> any written, oral, or other communication of any
> information by a consumer reporting agency bearing on
> a consumer's credit worthiness, credit standing,
> credit capacity, character, general reputation,
> personal characteristics, or mode of living which is
> used or expected to be used or collected in whole or
> in part for the purpose of serving as a factor in
> establishing the consumer's eligibility for—
>
> (A) credit or insurance to be used primarily for
>     personal, family, or household purposes;
>
> (B)  employment purposes; or
>
> (C)  any other purpose authorized under section 1681b
> of   this title.

15 U.S.C.A. § 1681a(d)(1).

Section 1681b of the Act outlines the only permissible
purposes for which a consumer report (also known as a credit

11

report) may be obtained by another person or entity.  See
generally 15 U.S.C. § 1681b(a) (outlining a variety of
permissible purposes for obtaining a consumer report including,
but not limited to: in response to a court order, in accordance
with the written instructions of the consumer himself, or where
the report is obtained to use the information in connection with
a credit transaction involving the consumer or for employment
purposes).  "The FCRA imposes civil liability upon a person who
willfully obtains a consumer report for a purpose that is not
authorized by the FCRA."  Huertas v. Galaxy Asset Mgmt., 641
F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681b(f),
1681n(a)).  Pursuant to Sections 1681b(f) and 1681o(a),
liability may also be imposed for any person who negligently
obtains a consumer report for a purpose that is not permitted
under the Act.

     HHL argues in its motion to dismiss that Counts IV and V
fail to state a claim for either the willful or negligent
violation of the FCRA and that these Counts should be dismissed
with prejudice.  It is clear that HHL had a permissible purpose
for obtaining Plaintiff's credit report under FCRA.
Specifically, FCRA "expressly permits distribution of a consumer

12

report to an entity that 'intends to use the information in
connection with a credit transaction involving the consumer on
whom the information is to be furnished and involving the
extension of credit to, or review or collection of an account
of, the consumer.'"  Huertas, 641 F.3d at 34 (citing 15 U.S.C. §
1681b(a)(3)(A)) (emphasis in original, footnote omitted); Zieger
v. J.A. Cambece Law Office, P.C., No. 14-2965, 2015 WL 3647267,
at *4 (D.N.J. June 12, 2015) ("The Third Circuit has explicitly
found this provision permits a credit reporting agency to
furnish a credit report to a debt collector, and that the debt
collector's act of obtaining and using the credit report is
authorized under the circumstances.") (citing Huertas, 641 F.3d
at 34).   Plaintiff alleges HHL is a debt collector.  Compl. ¶
8.  Accepting Plaintiff's allegations that HHL obtained his
credit report as true, HHL obtained Plaintiff's credit report
for the authorized purpose of collecting an outstanding debt.

     Plaintiff argues that the Defendants did not have a
permissible purpose to obtain his credit report because his debt
was not "verified."  Plaintiff has cited no authority for this
proposition.  Further, Defendants provided Plaintiff with the
validation of the debt and an affidavit from Capital One

13

establishing the existence and amount of the debt along with supporting documentation.  See Decl. of Kenneth Hayes, Defs.' Reply Br., Ex. G [Doc. No. 10].[3]

Accordingly, Counts IV and V of Plaintiff's complaint must be dismissed as asserted against HHL.  This dismissal is with prejudice as amendment of Plaintiff's complaint would be futile because HHL had a permissible purpose to obtain a copy of Plaintiff's consumer credit report as debt collectors.[4]

**V.  CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be granted.  Plaintiff's claims under the FDCPA contained Counts I-III of the Complaint will be dismissed with prejudice. Plaintiff's claims under the FCRA contained in Counts IV-V of the Complaint will also be dismissed with prejudice.

---

[3] A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[4] Plaintiff filed a "Notice of Objection and Motion to Strike" which the Court construes as impermissible sur-reply. Plaintiff does not raise any issues in his sur-reply which affect the Court's analysis.  Plaintiff's motion will be denied.

Plaintiff's "Notice of Objection and Motion to Strike" will be denied.

An Order consistent with this Opinion will be entered.


                                        s/ Noel L. Hillman
Dated: December 14, 2015        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey


15