UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. ROSS,<br><br>　Plaintiff,<br><br>　　　v.<br><br>HAYT, HAYT & LANDAU, LLC,<br>et al.,<br><br>　Defendants. | Civ. No. 15-1506 (NLH/JS)<br><br>**OPINION** |

Appearances:

MICHAEL J. ROSS
P.O. BOX 847
ALLOWAY, NJ 08001

　*Pro se plaintiff*

KENNETH HAYES
LAW OFFICES OF HAYT, HAYT, & LANDAU, LLC
MERIDIAN CENTER 1
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NJ 07724-0500

　*Attorney for defendants*

**HILLMAN, District Judge**

　　Presently pending before the Court is "Plaintiff's Objections [to the] December 14, 2015 Order" [Doc. No. 20]. The Court construes Plaintiff's application as a motion for reconsideration. For the reasons that follow, the Court denies Plaintiff's application.

　　By way of background, plaintiff filed suit against the Law Offices of Hayt, Hayt & Landau, LLC ("HHL") and two of its

attorneys, Kenneth Hayes and Christopher Fox (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA").  In the Court's December 14, 2015 Opinion, the Court dismissed Plaintiff's complaint with prejudice, finding that Plaintiff's FDCPA claims were barred by the Act's one-year statute of limitations and Plaintiff's FCRA claims failed to state a claim because HHL had a permissible purpose to access Plaintiff's credit report.

A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d

368, 381 (D.N.J. 2003).

    Plaintiff's application does not meet the standards for granting reconsideration.  Plaintiff has not presented to the Court any change in law or the discovery of any new evidence since the entry of the Court's Order, and Plaintiff has not demonstrated the need to correct a clear error of law or fact or to prevent manifest injustice.

    Consequently, Plaintiff's motion for reconsideration must be denied.  An appropriate Order will be entered.


Date: March 3, 2016          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

3